

**ROBERT A. GORDON**
**U.S. BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | CHAPTER 13 |
| VALERIE E. BOLLING-EPPS | ) | |
| VALERIE E. BOLLING | ) | |
| | ) | CASE No. 15-20913 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| WILMINGTON TRUST, NATIONAL | ) | |
| ASSOCIATION, NOT IN ITS INDIVIDUAL | ) | |
| CAPACITY, BUT SOLELY AS TRUSTEE FOR | ) | |
| VM TRUST SERIES 3, A DELAWARE | ) | |
| STATUTORY TRUST | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VALERIE E. BOLLING-EPPS | ) | |
| VALERIE E. BOLLING | ) | |
| | ) | |
| AND | ) | |
| | ) | FILED PURSUANT TO 11 U.S.C |
| NANCY SPENCER GRIGSBY, Trustee | ) | SECTION 362 |
| | ) | |
| Respondents. | ) | |

**CONSENT ORDER GRANTING RELIEF FROM STAY**

This matter was scheduled to be heard on October 21, 2016, upon the Motion of Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for VM Trust Series 3, a Delaware statutory trust (the "Creditor"), by Counsel, for relief from the stay imposed by 11 U.S.C. Section 362(a), with respect to the real property located 3706 Claremont Street, Baltimore, MD 21224 and more particularly described as follows:

> ALL THAT CERTAIN PARCEL OF LAND IN, BALTIMORE CITY, STATE OF MD, AS MORE FULLY DESCRIBED IN LIBER FMC 419 FOLIO 173 ID#26-16-6302-051, BEING KNOWN AND DESIGNATED AS A METES AND BOUNDS PROPERTY.

Upon consideration of which, it is

**ORDERED**:

1. The Debtor will resume making regular monthly installment payments in the amount of $753.95 as they become due commencing on December 1, 2016. Late payments will include applicable late charges, if any.

2. The Debtor will cure the post-petition arrearage currently due to the movant through October 1, 2016 plus the payment which will be due on November 1, 2016 as noted below:

| | |
|---|---:|
| 11/01/2015 through 10/01/2016<br>12 regular monthly payments @ $753.95 each | $9,047.40 |
| 11/01/2016 – 1 payment @ $753.95 | 753.95 |
| Less Unapplied | ($469.35) |
| Attorney's fees ($850.00) and costs ($176.00) for representation in this matter | $1,026.00 |
| TOTAL | $10,358.00 |

by making payment of the full amount of $10,358.00 by cashier's check, money order or electronic payment on or before a date thirty (30) days after the date entry of this Order directly to the servicer, SHELLPOINT MORTGAGE SERVICING, P.O. 740039, Cincinnati, OH 42574. Receipt of this payment is acknowledged.

3. In the event that any payment required by this order is not received by the movant within fifteen (15) days of its respective due date, the movant may mail a notice of default to the Debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to Debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the Debtor. The notice of default will state in simple and plain language:

    a.    That the Debtor is in default in making at least one payment required under this order;

    b.    The dates and amount of each payment missed and any late charge;

    c.    A statement that, per the terms of this agreement, the opportunity to cure the default has been waived;

    d.    That the Debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:

        i.    file an objection with the court stating that no default exists;

        or

        ii.    file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

    e.    That if the Debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with

       the terms of this order together with the certificate a draft order terminating the automatic stay and that the court may grant relief from the automatic stay without further notice to the Debtor; and

    f.    That if the automatic stay is terminated, the collateral may be sold at foreclosure.

    g.    If the Debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the Debtor, Debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4.  The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5.  Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6.  The automatic stay is modified to permit the noteholder or servicing agent to send the Debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business. The noteholder or servicing agent is authorized to discuss

modification of the underlying Note with the Debtor.

      7.  Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorney's fees in the amount of $50.00 for issuance of a notice of default and an additional $200.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

**I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by the /s/ _____ on the copy of the consent order submitted to the Court reference the signatures of consenting parties obtained on the original consent order.**

I ASK FOR THIS:

/s/ Robert E. Kelly
    Robert E. Kelly
    Federal Bar No. 19465
    Buonassissi, Henning & Lash, P.C.
    1861 Wiehle Avenue, Suite 300
    Reston, Virginia 20190
    (703) 796-1341 ext. 1109
    Fax:  (703) 796-9383
    e-mail:RKelly@bhlpc.com
    *Counsel for Wilmington Trust, National Association,*
    *not in its individual capacity, but solely as trustee*
    *for VM Trust Series 3, a Delaware statutory trust*

SEEN AND AGREED TO:

/s/David W. Cohen                                        Per e-mail authorization on 11/28/16
David W. Cohen
Law Office of David W. Cohen
1 North Charles Street, Suite 350
Baltimore, MD 21201
*Counsel to the Debtor*

COPIES TO:

Valerie E. Bolling-Epps
aka Valerie E. Bolling
3706 Claremont Street
Baltimore, MD 21224

David W. Cohen
Law Office of David W. Cohen
1 North Charles Street, Suite 350
Baltimore, MD 21201

Nancy Spencer Grigsby
4201 Mitchellville Road
Suite 401
Bowie, Maryland 20716

Robert E. Kelly
Buonassissi, Henning & Lash, P.C.
1861 Wiehle Avenue, Suite 300
Reston, Virginia 20190-5255

**End of Order**